# Jolly *et als. v.* Hobbs *et als.*

### *Bill in Equity Contesting the Validity of Mortgage.*

1. *Vested remainder.*—Where property, real and personal, was conveyed by deed to a trustee, in trust that, during the life of Francis N., he should permit her to have the possession, use and enjoyment, "for the comfort and support of her and her two minor children, George and Caroline"; and upon her decease, the said lands, and such of the personal property as then remained unimpaired, "shall belong absolutely and in fee to the said George and Caroline, if they shall both then be in being; and if not, then to the survivor of them, and the heirs of the other, if any, or, if none, then to such survivor, quit and discharged of all uses and limitation." George having died before his mother, leaving children, *held* that the remainder to Caroline, as to one-half of the property, vested on his death; and on her subsequent death before her mother, that her children could not, on the termination of the life estate, recover against her grantee.

APPEAL from Madison Chancery Court.

Heard before the Hon. N. S. GRAHAM.

This was a bill filed by Benjamin Jolly and others, who were the heirs at law of Caroline Elizabeth Neal and George W. Neal, against Isham H. Hobbs and Frank Neal. The bill alleges that complainants are seized and possessed in fee simple, as tenants in common of a certain lot in the city of Huntsville, Ala., that they derived their title through a deed dated July 9th, 1828, executed by John P. Neal as sheriff of Madison county, Ala., conveying said lot to Preston Yeatman, in trust, as set forth in the opinion of the court. The said George W. Neal, named in said deed as one of the children of said Frances Neal died intestate in the year 1869. Said Frances Neal died in November, 1883. Caroline Elizabeth Neal married Benjamin Jolly, who died. After the death of her husband, viz: on the 22nd day of January, 1874, she executed on April 13th, 1875, mortgages on an undivided half of said lot, of which mortgages Isham H. Hobbs became the holder and owner. Mrs. Jolly died during the lifetime of her mother. Frank Neal, the son of George W., had sold his interest in the lot to one of the complainants.

The bill alleges that said lot could not be equitably divided among complainants, and prayed a sale for partition. Complainants, who are heirs at law of Caroline Elizabeth, charge that she had no vested interest in the lot at the time she executed the mortgages, and pray that they be declared null

[Jolly et als. v. Hobbs et als.]

and void, and to remove the cloud upon complainants' title. There was a consent decree that the lots be sold, and the liens of defendant Hobbs, if he had any, should be transferred to the proceeds of sale—and to await the final decree of the court.

The chancellor decreed that Caroline Elizabeth took such a vested interest under the deed of trust to Yeatman as enabled her to execute valid mortgages at the time she executed them, on the half interest conveyed, and that said mortgages were a valid lien therefore, and directed the proceeds of the sale of said interest after deducting costs, to be applied to the payment of said mortgage debt. From this decree complainants, Benj. C. Jolly and others, appeal to this court.

LIONEL W. DAY, for appellants.—1. If Mrs. Neal and her two children shared in the title to this property by the deed, they became tenants in common. This is not the effect of the deed. *Young v. Killebrew*, 36 Ala. 97; *Williams & McConico*, 36 Ala. 29; *McCroan, Trustee v. Pope et al.*, 17 Ala. 612.

2. Neal's deed of conveyance in no wise differs from a recognized executory devise by the terms of which no estate vested in Mrs. Jolly only in a future contingency, which failed. Code 1876, § 2180; 2 Wash. on Real Prop. 341 (marginal page); 1 Fearne on Cont. Rem. 2; *Drews, adm'r, v. Drew*, 66 Ala. 455; *Nixon v. Robbins, ex'r*, 24 Ala. 663. The rule which favors vested legacies will prevail, *unless a clear intention is shown in the will that it shall not vest until the happening of a named contingency. Savage v. Benhams, adm'r*, 17 Ala. 119; *High, adm'r, v. Worleys, adm'r*, 32 Ala. 709; *Thrasher v. Ingraham and Wife*, 32 Ala. 646; *Doyle v. Bonler*, 7 Ala. 246; *Sherrod v. Sherrod's adm'r*, 38 Ala. 537; *McRee's adm'r v. Means*, 34 Ala. 349. But an investiture is an immediate, fixed right of future enjoyment not defeasible. 1 Cruse on Real Prop., 343.

3. "If a previous life estate be given, then the period of division is the death of the tenant for life, and survivors at such death will take the whole legacy." This rule applies as well to real as personal property. 3 Jarman on Wills, 585, 588–9; *McVay's adm'r v. Ijams*, 27 Ala. 238; *Powell v. Glenn*, 21 Ala. 458.

CABANISS & WARD, for appellees.—1. The children of Mrs. Jolly must take by descent from her, or not at all. There is no provision in the deed for the heirs of the survivor of the two children, George and Elizabeth. The death of the mother

determined *when* the absolute fee should go to her descendants, and the death of one of the children, *to whom* it should go.

Every circumstance to favor the construction of a vested interest in Mrs. Jolly concurs : The conveyance is by deed, not by will. The property conveyed is real, not personal. The limitation is to persons named, not to a class. It is to sharers of the prior equitable estate for life, not to mere remaindermen. Courts will struggle *against, not for* a construction that defeats the limitation to Mrs. Jolly, and creates a reversion of it to the grantor. 2 Jarman, 440. Mrs. Jolly, at the date of the deed took a vested interest defeasible on a condition subsequent. *Thrasher v. Ingram and wife*, 32 Ala. 645, 667 ; 2 Inman on Wills, by Randolph and Talcott 443, 444.

CLOPTON, J.—The land in question, and some personalty, were sold by the sheriff under executions on a judgment against Stephen Neal, and purchased by John H. Acklen. By direction of Acklen, the sheriff, in July, 1828, executed a deed, conveying the real and personal property to Preston Yeatman in trust : " That the said Yeatman, and his heirs, etc., during the life of said Frances Neal, shall constantly allow and permit her, the said Frances Neal, to have and enjoy the sole and perfect possession, use, profits, and all and every benefit of, in, to, or from the said personalty and realty, without restraint or hindrance, for the comfort and support of her, the said Frances Neal, and her children, Geo. W. Neal, and Caroline Elizabeth Neal, who are minors. And upon this further trust, that upon the decease of the said Frances Neal, the said lot with its houses and appurtenances, and such of the personal things aforesaid, as may then remain unimpaired or not destroyed in the use thereof aforesaid, shall belong absolutely and in fee to the said Geo. W. Neal and Caroline Elizabeth Neal, if they shall then both be in being, and if not, then to the survivor of them and heirs of the other, if any, or if none, then to such survivor, quit and discharged of all uses and limitations. Frances Neal died in 1883. George died in 1869, leaving children. Caroline married Benjamin Jolly, whom she survived ; and after the death of her husband and brother, executed two mortgages on an undivided half interest in the land—one in January, 1874, and the other in April, 1875. She died during the lifetime of her mother, leaving children. The children of George and Caroline are the complainants, and the holder of the mortgages is a defendant.

There is no controversy as to the claim or right of the children of George to one-half of the land. The contestation is, as to the validity of the mortgages executed by Caroline— the direct question being, to what time does the survivorship

refer? The complainants contend, that the remainder to the survivor is dependent on surviving the life-tenant—that the contingency, on which the prior remainder depends, extends to, and affects the substituted remainder; and the defendant claims, that the remainder vested immediately on the death of George.

In respect to wills, the contention has most usually been, whether the survivorship referred to the time of the death of the testator, or to the period of distribution; as to which the authorities are not uniform. No such question can arise on the construction of a deed, which takes effect immediately upon execution, and, *ex vi termini*, refers to a time subsequent thereto. Analogous cases of wills are those, in which the question has been, whether "The gift was meant to extend to survivors indefinitely (i. e. whenever the contingency should happen), or is restricted to survivorship within a given period after the testator's decease."

The general rule is thus stated by a learned author: "Where the original remainder is in terms limited upon the happening of an event (as attaining twenty-one), the non-happening of which occasions the gift over, survivorship is almost unnecessarily referable to that event, whenever it happens." And conceding, that words are used, which import a restriction of the operation of the gift to survivors, upon an express contingency, to a final distribution of the property, as the same author observes: "The question still remains whether they *need* so survive, or whether it is sufficient that they are living when the contingency happens. The cases will be found to favor the latter position.' 2 Jar. on Wills (Bigelow), 740.

In *Crowder v. Stene*, 3 Russell, 217, the bequest was of stock to executors in trust, to pay the dividends to the wife of the testator during her life, and after her decease to his brother during his life; and after the death of both, his wife and brother, to sell the stock, and divide the money arising therefrom equally between a nephew and four neices previously mentioned in the will; and in case of the nephew, or of any or either of the nieces, dying without lawful issue, before their respective parts became payable, the shares of those so dying shall go to, and be equally divided between the survivor or survivors of them. The wife survived the brother, and at the time of her death only one of the five legatees was alive. Lord Lyndhurst held, that, though the original share of any of them, who died, without lawful issue, during the lifetime of the wife, was divisible among the survivors, such one so dying was entitled to her proportion of the share of one, whom she survived, and who had died without lawful issue, which did not go over like her original share, but passed to her personal representa-

tive. The doctrine of the decision is, that those who were living at the time the contingency happened, on which the share was to go over, were entitled to a vested and indefeasible interest in the shares, that became subject to the operation of the bequest, without reference to survivorship at the period of distribution.

In *Semfield v. Howes*, 3 Bro. C. C. 90, a sum of money was bequeathed to A. for life, and at her death to her two children; but if either of them should die before their mother, the whole to the survivor. Both died in the mother's lifetime, and Lord Alvanley decided, that the whole sum belonged to the personal representative of the survivor. In *White v. Baker*, 2 D. F. & G. 55, it is said: " Where there is a bequest to A. for life, and after his death to B. and C., or the survivor of them, some meaning must, of course, be attached to the words, 'the survivor.' They may refer to one of three events—to one of the persons named surviving the other, to one of them only surviving the testator, or to one of them only surviving the tenant for life; and in the absence of any indications to the contrary, they are taken to refer to the latter event, as being the more probable one to have been referred to; but where, as in the present case, the bequest is to A. for life, and after his death to B. and C., and in case either dies in the lifetime of A., the whole to the survivor, it is plain that the words in their natural import refer to the one surviving the other, and the question is not to which of the events above mentioned the testator intended to refer, but whether there is any context to alter the ordinary meaning of the words which he has used." Other cases, illustrating the application of the rule, could be cited, but it is unnecessary.

Another general rule is, " When the remainder is, not to several, or the survivor, but to several, and if *any of them die* before the tenant for life, to the survivor, it will be held to mean survivorship *inter sese*, and not at the death of the tenant for life."—2 Jar. on Wills, 741. The remainder in the present deed is to two, and the words, " *if not*," immediately following the gift, over to the children if both be in being at the death of their mother, are equivalent in import to, *if either of them die* before their mother. In such case the survivorship must be understood as meaning survivorship *inter sese*. This construction is confirmed by the remainder being to the survivor, and the heirs of the one first dying, if any. It will not be contended, that the remainder of George's share to his heirs did not vest immediately on his death, the persons to take being *in esse* and ascertained. When the limitation over is to the survivor and the heirs of the one deceased, which latter clearly designates the happening of the contingency as the

[Jolly et als. v. Hobbs et als.]

period when the remainder becomes vested, it reasonably follows, that "the survivor of them" is the one who is living, when the contingency happens—that the word is used in its natural meaning, *the longest liver*. This construction is further confirmed by the remainder of the whole to the survivor if the one first dying leaves no heirs—that is—no children or descendants. Whether there were heirs, was ascertainable on the happening of the contingency—the death of one of them ; and on the occurrence of the same event, the *quantum* of the estate, whether one-half, or the whole, which went over to the survivor was determinable. This indicates that the survivor was to take at all events, and that the reference was to survivorship indefinitely.

Conceding that the remainder to George and Caroline is contingent on both surviving their mother, it does not necessarily follow, that this contingency extends to, and affects the substituted remainder. Where the prior fee is contingent, a remainder to vest in the event the first should fall in may be created, if it does not succeed, but is a substitute for, or collateral to the contingent fee.—4 Kent, 200. A vested remainder, though preceded by a contingent one, will be good, if the contingency of the event, on which the first depended, does not extend to the subsequent limitation.—2 Wash. Real Prop. 568. The earliest vesting of the remainder is favored by the law, as it prevents its liability to destruction by the immediate tenant ; and when in doubt, it will be held to be vested, rather than contingent. The rule applies to substituted remainders, though the prior one be contingent.

The evident purpose in making the deed was, to provide for Frances Neal and her children, and their descendants. This is manifest from the provision, that she was to have the sole and undisturbed possession, use, and profits during her life, for the comfort and support of herself and her children, considered in connection with the subsequent provisions of the deed. After the termination of the life-estate, the fee, contingent on both living at the time of the death of their mother, goes over to the children. It being anticipated that one of them might die, during her life time, to meet such an event, a substituted remainder in the nature of a cross-remainder was created. In gathering, from the whole deed, the general intent of the grantor, or more properly in this case, of the person by whom the deed was directed, a material consideration is, what construction is most beneficial to the donees? As in case of a will, a construction, which causes intestacy as to the residue of the estate, is not favored ; so in construing a deed, that construction will be favorably considered, which ultimately appropriates the entire estate to the benefit of the objects of the

donor's bounty. The deed makes no *express* disposition of one-half of the property in the event the survivor of the children does not survive their mother, if the limitation over to such survivor is not a vested remainder. When a contingent remainder falls in, the estate reverts to the person, in whom the original estate resided. If the limitation over to the survivor is contingent on surviving the mother, no estate vested in Caroline, which her children could take by descent, she having died before the decease of her mother. Her children do not take under the deed; whatever estate they may have is derived from her as her heirs. They take not as purchasers, but by limitation. The construction insisted on by complainant defeats any heritable estate in Caroline, and ·consequently the title of her children to any relief. They are without standing in court for the purpose of contesting the validity of the mortgages.—*Mc Williams v. Ramsey*, 23 Ala. 813. A construction which works this result should not be adopted, unless compelled by the express terms of the deed. Whether, therefore, the words, "the survivor of them," be taken in their natural sense, or the meaning be gathered from the context, it results, that an indefeasible estate was vested in Caroline on the death of George, which was the subject of alienation.

As the land has been sold, and one-half of the proceeds, paid to the heirs of George by a consent decree, the other half being decreed to be paid to the mortgagee, and as the nature of the ·remainder to the survivor is the sole question argued by counsel, we have rested our decision on the construction of the deed, and have left unconsidered other questions which would have materially affected the right of any of the complainants to relief in the absence of the agreement and consent decrees.

Affirmed.